## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS (CHICAGO)

| | |
|---|---|
| In re: | Chapter 13 |
| Darryl Burnett, | |
| Lisa A Burnett, | |
|       Debtors. | |
| | No. 15-19574 |
| | Judge: Carol A. Doyle |

### NOTICE OF MOTION

To Trustee:
Tom Vaughn
**By Electronic Notice through ECF**

To Attorney:
Jason Blust
**By Electronic Notice through ECF**

To Debtors:
Darryl Burnett,
Lisa A Burnett,
**By U.S. Mail**

On Thursday, October 31, 2019 at 9:30am, I shall appear before the Honorable Carol A. Doyle or any Judge sitting in her stead or as soon thereafter as counsel may be heard in courtroom 742 located at 219 South Dearborn Street, Chicago, IL 60604 and shall then and there present this Motion of the undersigned, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear if you so desire.

| | |
|---|---|
| Name: | RANDALL MILLER & ASSOCIATES, LLC |
| | Attorneys for Plaintiff |
| Address: | 120 N. LaSalle St., Ste. 1140 |
| | Chicago, IL 60602 |
| Attorney: | ARDC#6319469 |

Dated: October 2, 2019

Respectfully Submitted,
Randall S. Miller & Associates, LLC

/s/ Samantha San Jose
Attorney for Creditor
120 N. LaSalle St. #1140
Chicago, IL  60602
(312) 267-2104
ssanjose@rsmalaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: | |
| Darryl Burnett, | Case No: 15-19574 |
| Lisa A Burnett, | Chapter: 13 |
| Debtors. | Judge: Carol A. Doyle |

<u>**MOTION FOR RELIEF FROM AUTOMATIC STAY**</u>

NOW COMES Movant, MTGLQ Investors, LP by and through its attorneys, Randall S. Miller & Associates, LLC, and shows unto this Honorable Court as follows:

1. That Movant is the holder of a mortgage on the real property owned by the Debtors and located at 4021 W Harrison, Chicago, IL 60624 and more particularly described as:

   LOT 6 (EXCEPT THE SOUTH 7.05 FEET) IN GUNDERSON'S ADDITION TO CHICAGO IN THE EAST ½ OF THE SOUTH EAST ¼ OF SECTION 15, TOWNSHIP 39 NORTH, RANGE, 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

2. That the Debtors filed Chapter 13 Bankruptcy on June 4, 2015;

3. That as of August 22, 2019, Debtors' account is due and owing for:

   | | |
   |---|---|
   | February 1, 2019 to July 1, 2019 | |
   | 6 mortgage payments at $1,349.93 | $8,099.58 |
   | August 1, 2019 | |
   | 1 payment at $1,245.16 | $1,245.16 |
   | Attorney Fees and Costs | $1,031.00 |
   | Suspense Balance | ($538.93) |
   | Total Arrears | **$9,836.81** |

4. That pursuant to 11 U.S.C. §362 (d)(1), upon request of a party in interest, the Court shall grant relief from stay for cause, including lack of adequate protection of an interest in property of such party in interest;

5. That as of August 22, 2019 the total debt owed to Movant is approximately $151,556.06;

6. Pursuant to the Cook County Assessor, the approximate value of the Property is $123,640.00;

7. Upon information and belief, the encumbrances on the Property listed in the schedules or otherwise known, including but not limited to the encumbrances granted to Movant, are: (i) Movant $151,556.06 (ii) City of Chicago Department of Finance Bureau of Billing $1,114.99.

8. That pursuant to 11 U.S.C. §362(d)(2)(A) and (B), the court shall grant relief from the stay as the Debtors do not have any equity in the property and the property will not have an effective reorganization;

9. Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding which

have been included in the calculation of any default figure quotes herein subject to court approval, including:

$850.00 for review of bankruptcy file and preparation of notice/motion for relief from the Automatic Stay, and prosecution of same

$181.00 for Court filing fee

10. That the entry of the order granting relief from the automatic stay shall be effective immediately upon entry, notwithstanding the provisions of FRBP §4001(a)(3);

**WHEREFORE**, Movant, its successors and assigns, respectfully requests that this court enter an Order Granting Relief from the Automatic Stay against the Debtors for good cause shown pursuant to 11 USC §362 (d)(1), and that entry of the order shall be effective immediately upon entry, notwithstanding the provisions of FRBP §4001(a)(3), and whatever other relief the court deems just and equitable.

Respectfully Submitted,
Randall S. Miller & Associates, LLC

Dated: October 2, 2019

/s/ Samantha San Jose
120 North LaSalle Street, Suite 1140
Chicago, IL 60602
ssanjose@rsmalaw.com
(312) 239-3432

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:

Darryl Burnett,                                      Case No: 15-19574

Lisa A Burnett,                                      Chapter: 13

Debtors.                                             Judge: Carol A. Doyle

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that I have served a copy of this Notice along with the Motion for Relief from Automatic Stay upon the parties listed below, as to the Trustee and Debtor(s) attorney via electronic notice on October 2, 2019 and as to the Debtor(s) by causing same to be mailed in a properly addressed envelope, postage prepaid, from 43252 Woodward Avenue, Bloomfield Hills, MI 48302 before the hour of 5:00 PM on October 2, 2019

Debtors                                              Debtors' Attorney
Darryl Burnett                                       Jason Blust
Lisa A Burnett                                       Law Office of Jason Blust, LLC
4021 W Harrison                                      211 W. Wacker Drive
Chicago, IL 60624                                    Ste. 300
                                                     Chicago, IL 60606


Chapter 13 Trustee        Interested Party           Patrick S Layng
Tom Vaughn                City of Chicago Department  Office of the U.S. Trustee,
55 E. Monroe Street,      of Finance Bureau of Billing,  Region 11
Suite 3850                Noticing and Customer       219 S Dearborn St
Chicago, IL 60603         Service                     Room 873
                          333 South State Street      Chicago, IL 60604
                          Suite 330
                          Chicago, IL 60604

_____/s/ Cassandra McLone_____
Cassandra McLone

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $202,300.00 | 05-24-2007 | 06-01-2037 | | | | | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** DARRYL BURNETT
LISA A. HENDERSON
4021 W. HARRISON
CHICAGO, IL 60624

**Lender:** ShoreBank
7054 South Jeffery Blvd.
Chicago, IL 60649

---

**Principal Amount: $202,300.00**          **Interest Rate: 6.750%**          **Date of Note: May 24, 2007**

**PROMISE TO PAY.** I ("Borrower") jointly and severally promise to pay to ShoreBank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Hundred Two Thousand Three Hundred & 00/100 Dollars ($202,300.00), together with interest at the rate of 6.750% per annum on the unpaid principal balance from May 30, 2007, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** I will pay this loan in 360 payments of $1,312.11 each payment. My first payment is July 1, 2007, and all subsequent payments are due on the same day of each month after that. My final payment will be due on June 1, 2037, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Interest on this Note is computed on a 30/365 simple interest basis; that is, with the exception of odd days in the first payment period, monthly interest is calculated by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by a month of 30 days. Interest for the odd days is calculated on the basis of the actual days to the next full month and a 365-day year. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: ShoreBank, 7054 South Jeffery Blvd., Chicago, IL 60649.

**LATE CHARGE.** If a payment is 16 days or more late, I will be charged 5.000% of the regularly scheduled payment.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**Default in Favor of Third Parties.** I or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of my property or my ability to repay this Note or perform my obligations under this Note or any of the related documents.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts, including deposit accounts, with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of

**CHOICE OF VENUE.** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Cook County, State of Illinois.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** I acknowledge this Note is secured by the following collateral described in the security instrument listed herein: a Mortgage dated May 24, 2007, to Lender on real property located in COOK County, State of Illinois.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: ShoreBank, 7054 South Jeffery Blvd., Chicago, IL 60649.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**ILLINOIS INSURANCE NOTICE.** Unless I provide Lender with evidence of the insurance coverage required by my agreement with Lender, Lender may purchase insurance at my expense to protect Lender's interests in the collateral. This insurance may, but need not, protect my interests. The coverage that Lender purchases may not pay any claim that I make or any claim that is made against me in connection with the collateral. I may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that I have obtained insurance as required by our agreement. If Lender purchases insurance for the collateral, I will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to my total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance I may be able to obtain on my own.

**PRIOR TO SIGNING THIS NOTE, I, AND EACH OF US, READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE AND THE NOTICE TO COSIGNER SET FORTH BELOW. I, AND EACH OF US, AGREE TO THE TERMS OF THE NOTE.**

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**BORROWER:**

X _____
DARRYL BURRETT

X _____
LISA A. HENDERSON

---

## NOTICE TO COSIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The Lender can collect this debt from you without first trying to collect from the borrower. The Lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of YOUR credit record.

This notice is not the contract that makes you liable for the debt.

LASER PRO Lending, Ver. 5.34.00.004 Copr. Harland Financial Solutions, Inc. 1997, 2007. All Rights Reserved. - IL C:\LPL\CFI\LPL\D20.FC TR-18027 PR-52

## ENDORSEMENT AND ALLONGE TO PROMISSORY NOTE

Loan Number:

PAY to the order of Urban Partnership Bank, an Illinois banking corporation, as assignee of the Federal Deposit Insurance Corporation, as Receiver for ShoreBank, without warranty, representation or recourse of any kind, that certain note dated May 24, 2007, in the original principal amount of $202,300.00, executed by Darryl Burnett and Lisa A. Henderson. The FDIC hereby endorses and assigns the Note, and any and all subsequent modifications thereto, to Lender. This assignment is made without recourse, representation or warranty, express or implied, by the FDIC in its corporate capacity or as Receiver. All references in the Note to "Lender" shall mean and include Urban Partnership Bank.

Dated this 24th day of April , 2013, and effective as of August 20, 2010.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for ShoreBank,

By: _____
        Maureen Bismark, Attorney-in-Fact

Maureen M. Bismark
Deputy General Counsel

**Borrower Name:**     Darryl Burnett and Lisa A. Henderson

## ALLONGE

This Allonge is made to that certain Promissory Note dated May 24, 2007 in the original principal amount of $202,300.00 from Darryl Burnett and Lisa A. Henderson to ShoreBank, together with all renewals, assignments, amendments, supplements, restatements and modifications ("Note"), which Note was subsequently endorsed and assigned to **Urban Partnership Bank ("Assignor")**.

It is intended that this Allonge be attached to and made a permanent part of the above-referenced Note.

Pay to the order of **Panatte, LLC ("Assignee")**, without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

Executed effective as of December 11, 2015.

> **URBAN PARTNERSHIP BANK** (as successor in interest to the Federal Deposit Insurance Corporation as Receiver for ShoreBank)
>
> By: Panatte, LLC, Attorney-in-Fact
>     By: Paul Birkett
>     Its Authorized Signatory

# ALLONGE TO NOTE

NOTE AMOUNT:        $202,300.00

BORROWER NAME (S):  DARRYL BURNETT AND LISA A. HENDERSON

PROPERTY ADDRESS:   4021 W. Harrison St., Chicago, IL 60624

NOTE DATE:      5/24/2007

PAY TO THE ORDER OF:

WITHOUT RECOURSE

_____

Panatte, LLC

NAME:       PAUL BURKETT

TITLE:      SUB ADMINISTRATOR

# RECEIVER ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART of the following instrument:

# ALLONGE

Note: Promissory Note

Dated: 5/24/2007

Payable by: Darryl Burnett, Lisa A. Henderson

Payable to the Order of: ShoreBank

Original Principal Amount: Two Hundred Two Thousand Three Hundred Dollars [$202,300.00]

PAY TO THE ORDER OF Urban Partnership Bank, AN ILLINOIS BANKING CORPORATION, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

> FEDERAL DEPOSIT INSURANCE
> CORPORATION,
> AS RECEIVER FOR SHOREBANK
>
> By: _____
> Name: Kin Lynch
> Title: Attorney in Fact

**Dated as of August 20, 2010**

**Borrower Name:**    Darryl Burnett and Lisa A. Henderson

## ALLONGE

This Allonge is made to that certain Promissory Note dated May 24, 2007 in the original principal amount of $202,300.00 from Darryl Burnett and Lisa A. Henderson to ShoreBank, together with all renewals, assignments, amendments, supplements, restatements and modifications ("Note"), which Note was subsequently endorsed and assigned to **Urban Partnership Bank ("Assignor")**.

It is intended that this Allonge be attached to and made a permanent part of the above-referenced Note.

Pay to the order of **Panatte, LLC ("Assignee")**, without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

Executed effective as of December 11, 2015.

**URBAN PARTNERSHIP BANK** (as successor in interest to the Federal Deposit Insurance Corporation as Receiver for ShoreBank)

By: Panatte, LLC, Attorney-in-Fact
    By: Paul Birkett
    Its Authorized Signatory

# ALLONGE TO NOTE

NOTE AMOUNT:          $202,300.00

BORROWER NAME (S):  DARRYL BURNETT AND LISA A. HENDERSON

PROPERTY ADDRESS:    4021 W. Harrison St., Chicago, IL 60624

NOTE DATE:     5/24/2007

PAY TO THE ORDER OF:

WITHOUT RECOURSE

_____

Panatte, LLC

NAME:      *PAUL BURKETT*

TITLE:      *SUB ADMINISTRATOR*

Doc#: 0715541011 Fee: $48.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 06/04/2007 10:23 AM Pg: 1 of 13

WHEN RECORDED MAIL TO:
ShoreBank
7054 South Jeffery Blvd.
Chicago, IL 60649

**FOR RECORDER'S USE ONLY**

This Mortgage prepared by:
BRENDA ANDERSON-BANKS
ShoreBank
7054 South Jeffery Blvd.
Chicago, IL 60649



SYNERGY TITLE ................
730 W. F..........
SU!T....
CHICAGO .
312.334.....

# MORTGAGE

**MAXIMUM LIEN.** At no time shall the principal amount of indebtedness secured by the Mortgage, not including sums advanced to protect the security of the Mortgage, exceed $202,300.00.

**THIS MORTGAGE** dated May 24, 2007, is made and executed between DARRYL BURNETT and LISA A. HENDERSON, MARRIED TO EACH OTHER (referred to below as "Grantor") and ShoreBank, whose address is 7054 South Jeffery Blvd., Chicago, IL 60649 (referred to below as "Lender").

**GRANT OF MORTGAGE.** For valuable consideration, Grantor mortgages, warrants, and conveys to Lender all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in COOK County, State of Illinois:

> LOT 6 (EXCEPT THE SOUTH 7.05 FEET) IN GUNDERSON'S ADDITION TO CHICAGO IN THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 15, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDAIN, IN COOK COUNTY, ILLINOIS.

The Real Property or its address is commonly known as 4021 W. HARRISON, CHICAGO, IL 60624. The Real Property tax identification number is 16-15-407-014-0000.

Grantor presently assigns to Lender all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS MORTGAGE, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS MORTGAGE. THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Mortgage, Grantor shall pay to Lender all amounts secured by this Mortgage as they become due and shall strictly perform all of Grantor's obligations under this Mortgage.·

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Mortgage. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Mortgage or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Mortgage, including the obligation to indemnify and defend, shall survive the payment of the indebtedness and the satisfaction and reconveyance of the lien of this Mortgage and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Mortgage.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Illinois law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Mortgage:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, payroll taxes, special taxes, assessments, water charges and sewer service charges levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of any liens having priority over or equal to the interest of Lender under this Mortgage, except for those liens specifically agreed to in writing by Lender, and except for the lien of taxes and assessments not due as further specified in the Right to Contest paragraph.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Mortgage:

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard

extended coverage endorsements on a replacement basis for the full insurable value covering all improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Policies shall be written by such insurance companies and in such form as may be reasonably acceptable to Lender. Grantor shall deliver to Lender certificates of coverage from each insurer containing a stipulation that coverage will not be cancelled or diminished without a minimum of ten (10) days' prior written notice to Lender and not containing any disclaimer of the insurer's liability for failure to give such notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Mortgage. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Mortgage, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the indebtedness. If Lender holds any proceeds after payment in full of the indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**TAX AND INSURANCE RESERVES.** Grantor agrees to establish and maintain a reserve account to be retained from the initial proceeds of the loan evidenced by the Note in such amount deemed to be sufficient by Lender to (A) create an adequate cushion and (B) provide enough funds to be in a position to make timely payment of real estate taxes and insurance premiums as otherwise required herein. Grantor shall pay monthly into that reserve account an amount equivalent to 1/12 of the annual real estate taxes on the Real Property and 1/12 of the annual premiums for the policies of insurance required to be maintained herein, as estimated by Lender, so as to provide sufficient funds for the payment of each year's real estate taxes and insurance premiums one month prior to the date the real estate taxes and insurance premiums become delinquent. Grantor shall further pay into the reserve account a monthly pro-rata share of all assessments and other charges which may accrue against the Real Property. All such payments shall be carried in an interest-free reserve account with Lender, provided that if this Mortgage is executed in connection with the granting of a mortgage on a single-family owner-occupied residential property, Grantor, in lieu of establishing such reserve account, may pledge an interest-bearing savings account with Lender to secure the payment of estimated real estate taxes, insurance premiums, assessments, and other charges. Lender shall have the right to draw upon the reserve (or pledge) account to pay such items, and Lender shall not be required to determine the validity or accuracy of any item before paying it. Nothing herein or in any of the Related Documents shall be construed as requiring Lender to advance other monies for such purposes, and Lender shall not incur any liability for anything it may do or omit to do with respect to the reserve account. All amounts in the reserve account are hereby pledged to further secure the indebtedness, and Lender is hereby authorized to withdraw and apply such amounts on the indebtedness upon the occurrence of an Event of Default as described below.

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, or (C) to make repairs to the Property then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action

that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Mortgage also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Mortgage:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Mortgage, and (b) Grantor has the full right, power, and authority to execute and deliver this Mortgage to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Lender under this Mortgage, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Grantor has made in this Mortgage shall survive the execution and delivery of this Mortgage, shall be continuing in nature and shall remain in full force and effect until such time as Grantor's Indebtedness is paid in full.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Mortgage:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Mortgage:

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Mortgage and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Mortgage, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Mortgage.

# MORTGAGE
## (Continued)

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Mortgage or upon all or any part of the Indebtedness secured by this Mortgage; (2) a specific tax on Grantor which Grantor is authorized or required to deduct from payments on the Indebtedness secured by this type of Mortgage; (3) a tax on this type of Mortgage chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Grantor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Mortgage, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Mortgage as a security agreement are a part of this Mortgage:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Mortgage in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Mortgage as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Mortgage may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Mortgage.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Mortgage:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Grantor's obligations under the Note, this Mortgage, and the Related Documents, and (2) the liens and security interests created by this Mortgage as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-In-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Grantor pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon Grantor under this Mortgage, Lender shall execute and deliver to Grantor a suitable

## MORGAGE
### (Continued)

satisfaction of this Mortgage and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Grantor will pay, if permitted by applicable law, any reasonable termination fee as determined by Lender from time to time.

**REINSTATEMENT OF SECURITY INTEREST.** If payment is made by Grantor, whether voluntarily or otherwise, or by guarantor or by any third party, on the indebtedness and thereafter Lender is forced to remit the amount of that payment (A) to Grantor's trustee in bankruptcy or to any similar person under any federal or state bankruptcy law or law for the relief of debtors, (B) by reason of any judgment, decree or order of any court or administrative body having jurisdiction over Lender or any of Lender's property, or (C) by reason of any settlement or compromise of any claim made by Lender with any claimant (including without limitation Grantor), the indebtedness shall be considered unpaid for the purpose of enforcement of this Mortgage and this Mortgage shall continue to be effective or shall be reinstated, as the case may be, notwithstanding any cancellation of this Mortgage or of any note or other instrument or agreement evidencing the indebtedness and the Property will continue to secure the amount repaid or recovered to the same extent as if that amount never had been originally received by Lender, and Grantor shall be bound by any judgment, decree, order, settlement or compromise relating to the Indebtedness or to this Mortgage.

**EVENTS OF DEFAULT.** At Lender's option, Grantor will be in default under this Mortgage if any of the following happen:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Default on Other Payments.** Failure of Grantor within the time required by this Mortgage to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Break Other Promises.** Grantor breaks any promise made to Lender or fails to perform promptly at the time and strictly in the manner provided in this Mortgage or in any agreement related to this Mortgage.

**Default in Favor of Third Parties.** Should Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to repay the Indebtedness or Grantor's ability to perform Grantor's obligations under this Mortgage or any related document.

**False Statements.** Any representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Mortgage or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

**Defective Collateralization.** This Mortgage or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The death of Grantor, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of Grantor's property in which Lender has a lien. This includes taking of, garnishing of or levying on Grantor's accounts, including deposit accounts, with Lender. However, if Grantor disputes in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if Grantor gives Lender written notice of the claim and furnishes Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Breach of Other Agreement.** Any breach by Grantor under the terms of any other agreement between Grantor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Grantor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser,

## MORTGAGE
### (Continued)

surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Insecurity.** Lender in good faith believes itself insecure.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of an Event of Default and at any time thereafter, Lender, at Lender's option, may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Mortgagee in Possession.** Lender shall have the right to be placed as mortgagee in possession or to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The mortgagee in possession or receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Judicial Foreclosure.** Lender may obtain a judicial decree foreclosing Grantor's interest in all or any part of the Property.

**Deficiency Judgment.** If permitted by applicable law, Lender may obtain a judgment for any deficiency remaining in the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this section.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Mortgage or the Note or available at law or in equity.

**Sale of the Property.** To the extent permitted by applicable law, Grantor hereby waives any and all right to have the Property marshalled. In exercising its rights and remedies, Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Notice of Sale.** Lender will give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy.

# MORTGAGE
## (Continued)

If Lender decides to spend money or to perform any of Grantor's obligations under this Mortgage, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**NOTICES.** Any notice required to be given under this Mortgage, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Mortgage. All copies of notices of foreclosure from the holder of any lien which has priority over this Mortgage shall be sent to Lender's address, as shown near the beginning of this Mortgage. Any person may change his or her address for notices under this Mortgage by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Mortgage:

**Amendments.** What is written in this Mortgage and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Mortgage. To be effective, any change or amendment to this Mortgage must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Mortgage are for convenience purposes only and are not to be used to interpret or define the provisions of this Mortgage.

**Governing Law. This Mortgage will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions. This Mortgage has been accepted by Lender in the State of Illinois.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Cook County, State of Illinois.

**Joint and Several Liability.** All obligations of Grantor under this Mortgage shall be joint and several, and all references to Grantor shall mean each and every Grantor. This means that each Grantor signing below is responsible for all obligations in this Mortgage.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Mortgage unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Mortgage. Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get

# MORTGAGE
## (Continued)

Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests. Grantor waives presentment, demand for payment, protest, and notice of dishonor.

**Severability.** If a court finds that any provision of this Mortgage is not valid or should not be enforced, that fact by itself will not mean that the rest of this Mortgage will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Mortgage even if a provision of this Mortgage may be found to be invalid or unenforceable.

**Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Successors and Assigns.** Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Mortgage and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Mortgage or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Mortgage.

**Waive Jury.** All parties to this Mortgage hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Illinois as to all Indebtedness secured by this Mortgage.

**DEFINITIONS.** The following words shall have the following meanings when used in this Mortgage:

**Borrower.** The word "Borrower" means DARRYL BURNETT and LISA A. HENDERSON and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Mortgage in the events of default section of this Mortgage.

**Grantor.** The word "Grantor" means DARRYL BURNETT and LISA A. HENDERSON.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the

Error

**MORTGAGE**
**(Continued)**

Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Mortgage, together with interest on such amounts as provided in this Mortgage.

**Lender.** The word "Lender" means ShoreBank, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Note.

**Mortgage.** The word "Mortgage" means this Mortgage between Grantor and Lender.

**Note.** The word "Note" means the promissory note dated May 24, 2007, in the original principal amount of $202,300.00 from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. The interest rate on the Note is 6.750%. The Note is payable in 360 monthly payments of $1,312.11. The maturity date of the Note is June 1, 2037.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Mortgage.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND EACH GRANTOR AGREES TO ITS TERMS.**

**GRANTOR:**

X _____
DARRYL BURNETT

X _____
LISA A. HENDERSON

MORTGAGE
(Continued)

Page 12

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _____ *IL.* _____            )
                                           ) SS
COUNTY OF _____ *Cook* _____           )

On this day before me, the undersigned Notary Public, personally appeared **DARRYL BURNETT** and **LISA A. HENDERSON**, to me known to be the individuals described in and who executed the Mortgage, and acknowledged that they signed the Mortgage as their free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this *24th* day of *May*, 20 *07*

By _____            Residing at _____

Notary Public in and for the State of _____ *IL.* _____

My commission expires _____

"OFFICIAL SEAL"
JEFFREY H. WILCOX
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/3/2010

# EXHIBIT A

LOT 6 (EXCEPT THE SOUTH 7.05 FEET) IN GUNDERSON'S ADDITION TO CHICAGO IN THE EAST ½ OF THE SOUTH EAST ¼ OF SECTION 15, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL          MERIDIAN,          IN          COOK          COUNTY,          ILLINOIS.

PIN:                                                                                    16-15-407-014-0000

COMMONLY KNOWN AS: 4021 W HARRISON, CHICAGO, ILLINOIS 60624



Prepared by and return to:
Chuhak & Tecson, P.C.
Sarah K. Lash
30 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606-7413

Doc#: 1311429066 Fee: $48.00
RHSP Fee:$10.00 Affidavit Fee:
Karen A.Yarbrough
Cook County Recorder of Deeds
Date: 04/24/2013 03:21 PM Pg: 1 of 8

## ASSIGNMENT OF MORTGAGE

Loan Number: ▮▮▮▮

    For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, the Federal Deposit Insurance Corporation, a corporation organized and existing under an Act of Congress, as receiver of ShoreBank, a former Illinois banking corporation ("Assignor"), as holder, hereby assigns, without recourse, to Urban Partnership Bank, an Illinois banking corporation ("Assignee") all its rights, title and interest to that certain Mortgage executed by Darryl Burnett and Lisa A. Henderson, in favor of ShoreBank, dated May 24, 2007, and recorded in the County Recorder's Office, Cook County, Illinois on June 4, 2007, as document number 0715541011, regarding real estate described in <u>Exhibit A</u> attached hereto, pursuant to the Purchase and Assumption Agreement dated August 20, 2010, by and between Assignee and Assignor.

    This assignment is made without recourse, representation or warranty, express or implied, by the Federal Deposit Insurance Corporation in its corporate capacity or as Receiver. This document is being executed to memorialize a previous transfer of interest.

Dated this 24th day of April, 2013

                    FEDERAL DEPOSIT INSURANCE
                    CORPORATION, as Receiver for ShoreBank,

                    By: _____
                       Maureen Bismark, Attorney-in-Fact
                         Maureen M.Bismark
                         Deputy General Counsel

STATE OF ILLINOIS          )
                           )  ss.
COUNTY OF COOK             )

     Before me, a Notary Public in and for said County and State, personally appeared Maureen Bismark who executed the foregoing instrument, and to me known as Attorney-in-Fact for the sole purpose of executing documents as provided in the Limited Power of Attorney dated August 20, 2012, and recorded on August 23, 2012, as document number 201200249808 and acknowledged that she executed the foregoing instrument in such capacity.

(Notary Seal)

"OFFICIAL SEAL"
Larry Thompson
Notary Public, State of Illinois
My Commission Expires July 23, 2016

_____
Notary Public

Larry Thompson
(Type or Print Name)

My commission expires: July 23, 2016

**EXHIBIT A**

<u>LEGAL DESCRIPTION OF REAL ESTATE</u>

LOT 6 (EXCEPT SOUTH 7.05 FEET) IN GUNDERSON'S ADDITION TO CHICAGO IN THE EAST 1/2 OF THE SOUTH EAST 1/4 OF SECTION 15, TOWNSHIP 39 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN ACCORDING TO THE PLAT RECORDED MAY 25, 1903 AS DOCUMENT 3395655 IN COOK COUNTY, ILLINOIS.

Common address: 4021 W. Harrison , Chicago, IL 60624

PIN: 16-15-407-014-0000

**Prepared By:**
First Financial Network, Inc.
9211 Lake Hefner Parkway
Suite 200
Oklahoma City, OK  73120

**When Recorded Mail To:**

Panatte, LLC
Attn: Saprina Allen
1206 North Main Street
North Canton, Ohio 44720



Doc#:  1605539081 Fee: $66.00
RHSP Fee:$9.00 RPRF Fee: $1.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 02/24/2016 09:02 AM  Pg: 1 of 6

*(Space above is for Recorder's use)*

## ASSIGNMENT OF REAL ESTATE MORTGAGES, DEEDS OF TRUST, ASSIGNMENT OF LEASES AND RENTS AND OTHER LOAN DOCUMENTS

KNOW ALL MEN BY THESE PRESENTS:

THAT, **Urban Partnership Bank,** an Illinois banking corporation (referred to herein as "Assignor" or "Grantor") whose principal address is 7936 S. Cottage Grove Avenue, Chicago, Illinois, **under Limited Power of Attorney dated December 11, 2015 and recorded January 22, 2016, as Document No. 1602217004,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer, and set over to **PANATTE, LLC,** a Delaware limited liability company, its successors and assigns (referred to herein as "Assignee" or "Grantee"), whose principal address is 1206 North Main Street, North Canton, Ohio, 44720, all right, title and interest in and to the documents, property and other interests transferred (the "Transferred Interests") pursuant to that certain Loan Sale Agreement entered into by Grantor and Grantee as of November 7, 2015, and any amendments thereto, inclusive of schedules and exhibits thereto, said Transferred Interests including but not limited to the documents described on **Exhibit A** hereto, "Recorded Documents," which such Recorded Documents were recorded with the Cook County Recorder of Deeds, Cook County, Illinois, together with all amendments, modifications and extensions related to the Recorded Documents or arising therefrom.

SEE **EXHIBIT A** ATTACHED HERETO AND MADE A PART HEREOF.

THIS ASSIGNMENT AND THE ATTACHED **EXHIBIT A** MAY BE AMENDED AND RE-RECORDED FROM TIME TO TIME TO CORRECT SCRIVENOR'S ERRORS AND TO MAKE OTHER CORRECTIONS AS MAY BE NECESSARY TO ACCURATELY REFLECT SPECIFIC INFORMATION INTENDED TO BE REFLECTED IN THIS ASSIGNMENT AND **EXHIBIT A** HERETO.

TO HAVE AND TO HOLD THE SAME UNTO **PANATTE, LLC,** ITS SUCCESSORS AND ASSIGNS.

THIS ASSIGNMENT IS MADE AS IS, WHERE IS, WITH ALL FAULTS AND WITHOUT RECOURSE AND WITHOUT ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, ORAL OR WRITTEN, EXCEPT AS PROVIDED IN ARTICLE VII OF THAT CERTAIN LOAN SALE AGREEMENT DATED NOVEMBER 7, 2015.

IN WITNESS WHEREOF, **URBAN PARTNERSHIP BANK** has caused this instrument to be executed and effective as of this 21st day of January, 2016.

**URBAN PARTNERSHIP BANK**

By: Panatte, LLC, Attorney-in-Fact
By: Saprina Allen
Its Authorized Signatory


ACKNOWLEDGMENT


STATE OF OHIO

COUNTY OF STARK

The foregoing instrument was acknowledged before me this 5th day of February, 2016, by Saprina Allen, Authorized Signatory of Panatte, LLC, a Delaware limited liability company, Attorney-in-Fact for Urban Partnership Bank.


By:
Notary Public, State of Ohio

Delrica Grubbs
Notary Public - Ohio
My Commission Expires
05/03/2020

## EXHIBIT "A"

### LEGAL DESCRIPTION

LOT 231 IN ENGLEWOOD ON THE HILL A SUBDIVISION OF THE EAST HALF AND THE SOUTH WEST QUARTER OF THE NORTH WEST QUARTER OF THE SOUTH WEST QUARTER OF SECTION 20, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**PIN:** 20-20-308-015-0000

**Commonly known as Property Address:** 6800 S. Justine Ave., Chicago, IL  60636

**Document Number:** 0510804205, 1305129122, 1307426149 and 1308741038

**Reference #:** 5988

### LEGAL DESCRIPTION

LOT 11 IN BLOCK 3 IN FORDSOM MANOR, A RESUBDIVISION OF LOTS OR BLOCKS 4,5,6 AND 7 IN EIDAM'S SUBDIVISION OF THE WEST 1/2 OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 AND THE SOUTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 11 AND (EXCEPT THE RIGHT OF WAY OF ILLINIOS RAILROAD COMPANY) OF THE SOUTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 12, TOWNSHIP 36 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERDIAN, IN COOK COUNTY, ILLINIOS.

**PIN:** 29-12-117-004-0000

**Commonly known as Property Address:** 383 Cornell Avenue, Calumet City, IL  60409

**Document Number:** 0907840004, 0907840005, 1307426139 and 1308741033

**Reference #:** 4003

### LEGAL DESCRIPTION

LOT 6 (EXCEPT THE SOUTH 7.05 FEET) IN GUNDERSON'S ADDITION TO CHICAGO IN THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 15, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDAIN, ACCORDING TO THE PLAT RECORDED MAY 25, 1903 AS DOCUMENT 3395655 IN COOK COUNTY, ILLINOIS.

**PIN:** 16-15-407-014-0000

**Commonly known as Property Address:** 4021 W. Hàrrison St., Chicago, IL  60624

**Document Number:** 0715541011, 1209329015 and 1311429066

**Reference #:** 2895 and 9599

**LEGAL DESCRIPTION**

LOT 27 AND, EAST 1/2 OF LOT 28 IN BLOCK 35 IN S.E. GROSS' SUBDIVISION OF BLOCKS 27 TO 42 INCLUSIVE IN DAUPHIN PARK 2ND ADDITION, BEING A SUBDIVISION OF THE WEST 1/2 OF THE NORTHEAST 1/4 OF SECTION 3, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**PIN:** 25-03-217-041-0000

**Commonly known as Property Address:** 550 E. 89TH PLACE, CHICAGO, IL 60619

**Document Number:** 0331031053 and 1308004057

**Reference #:** 3563

**LEGAL DESCRIPTION**

LOT 40 IN BLOCK 3 IN KENT'S SUBDIVISION IN BLOCKS 2 AND 3 IN GREENDALE, A SUBDIVISION OF THE NORTH 40 ACRES OF THE SOUTH 60 ACRES OF THE WEST 1/2 OF THE SOUTHWEST 1/4 (EXCEPT THE NORTH 1/2 OF THE NORTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4) OF SECTION 17, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**PIN:** 16-17-309-001-0000

**Commonly known as Property Address:** 1000 South Cuyler Ave, Oak Park, IL 60304

**Document Number:** 0603404138 and 1224245025

**Reference #:** 7188

**LEGAL DESCRIPTION**

LOT 11 IN BLOCK 2 IN CEPEK'S SUBDIVISION , BEING A SUBDIVISION OF PART OF THE NORTH 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 36, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**PIN:** 20-36-316-014-0000

**Commonly known as Property Address:** 1627 E 85TH ST, CHICAGO, IL 60617

**Document Number:** 0632235225, 0632235226 and 1309331033

**Reference #:** 6788

## LEGAL DESCRIPTION

THE SOUTH SEVEN AND ONE -HALF (7 1/2 ) FEET OF LOT THIRTY- EIGHT(38) AND THE NORTH TEN (10) FEET OF LOT THIRTY- NINE (39) IN BLOCK TWO (2) IN LOOMIS AND LAFLIN'S SUBDIVISION OF THE NORTH EAST QUARTER ( N. E. 1/4) OF THE NORTH EAST QUARTER ( N. E. 1/4 ) OF THE NORTH WEST QUARTER ( N. W. 1/4 ) OF SECTION THIRTY -FOUR (34), TOWNSHIP THIRTY- NINE (39) NORTH, RANGE FOURTEEN (14) EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**PIN:** 17-34-105-018-0000

**Commonly known as Property Address:** 3147 S Giles Ave, Chicago, IL  60616

**Document Number:** 0534711027, 0534711028, 1223645048, 1407113083 and 1407113084

**Reference #:** 1900


## LEGAL DESCRIPTION

LOT 5 (EXCEPT THE NORTH 29.34 FEET THEREOF) AND THE NORTH 36.34 FEET OF LOT 6 IN BLOCK 17 IN SHEPARD'S MICHIGAN AVENUE NUMBER 2, BEING A SUBDIVISION OF PART OF THE NORTHEAST ONE-QUARTER OF SECTION 11 TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN IN COOK COUNTY, ILLINOIS, ACCORDING TO PLAT THEREOF RECORDED ON JUNE 29, 1927 AS DOCUMENT NUMBER 9701452 AND FILED IN THE RECORDERS OFFICE AS LR360792, IN COOK COUNTY, ILLINOIS.

**PIN:** 29-11-214-035-0000 and 29-11-214-045-0000

**Commonly known as Property Address:** 14717 S. Dante Avenue, Dolton, IL  60419

**Document Number:** 0826204144, 0826204145, 1333922129 and 1334045042

**Reference #:** 3724 & 2401

## LEGAL DESCRIPTION

LOT 23 IN BLOCK 7 IN CALUMET PARK SECOND ADDITION, A SUBDIVISION OF THE EAST 660 FEET OF THE WEST 1334.13 FEET OF THE FOLLOWING LOTS 1, 2 AND 3 IN SUBDIVISION OF PART OF THE SOUTH WEST QUARTER OF SECTION 2, AND PART OF THE NORTH WEST QUARTER OF SECTION 11, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, AS PER PLAT DOCUMENT 2936139. ALSO BLOCK 5 IN CALUMET PARK FIRST ADDITION DOCUMENT 8987931, IN COOK COUNTY, ILLINOIS

**PIN:** 29-02-320-023-0000

**Commonly kn own as Property Address:** 14424 S. Ellis Ave., Dolton, IL  60419

**Document Number:** 0831505112, 0831505113, 1215318004, 1334045046 and 1334045047

**Reference #:** 3872 & 7201

Doc#. 1629540042 Fee: $50.00
Karen A.Yarbrough
Cook County Recorder of Deeds
Date: 10/21/2016 11:10 AM Pg: 1 of 2

**When Recorded Mail to:**
Kondaur Capital Corporation
333 South Anita Drive, Suite 400
Orange, CA 92868
555827

**This document prepared by: Joanne Roberto**
Kondaur Capital Corporation
333 South Anita Drive, Suite 400
Orange, CA 92868

[Space Above This Line For Recording Data]

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Panatte, LLC, whose address is 2003 Western Ave., Suite 340, Seattle, WA 98121, hereby assigns, and transfers to Kondaur Capital Corporation, as Separate Trustee of MATAWIN VENTURES TRUST SERIES 2016-1, whose address is 333 South Anita Dr., Ste 400, Orange, CA 92868, all its right, title and interest in and to that certain Mortgage executed by DARRYL BURNETT AND LISA A. HENDERSON, MARRIED TO EACH OTHER, with an original principal amount of $202,300.00 to SHOREBANK, and bearing the date of May 24, 2007 and recorded as Instrument # 0715541011 on June 04, 2007 of Official Records in the County Recorder's office of Cook County, State of Illinois, describing land therein as:

**LOT 6 (EXCEPT THE SOUTH 7.05 FEET) IN GUNDERSON'S ADDITION TO CHICAGO IN THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 15, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.**

Commonly known as: 4021 W. Harrison St., Chicago, IL 60624
Tax ID: 16-15-407-014-0000

*IN WITNESS WHEREOF*, the Assignor has caused these presents to be signed by its duly authorized officer this __13__ day of __September__, 2016.

Panatte, LLC

By: _____

Name: PAUL BIRKETT

Title: SUB ADMINISTRATOR

STATE OF OHIO          )
                       )SS.
COUNTY OF STARK        )

On 9.13 , 2016 before me, Katherine A Dieble , Notary Public, personally appeared PAUL BIRKETT , who proved to me on the basis of satisfactory evidence by DRIVING LICENSE to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify that under penalty of perjury under laws of the State of Ohio that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public
My Commission Expires:

NOTARIAL SEAL
STATE OF OHIO

Katherine A. Dieble
Notary Public, State of Ohio
My Commission Expires 01-28-2020

Doc#. 1629540042 Fee: $50.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 10/21/2016 11:10 AM Pg: 1 of 2

**When Recorded Mail to:**
**Kondaur Capital Corporation**
333 South Anita Drive, Suite 400
Orange, CA 92868
555827

**This document prepared by: Joanne Roberto**
**Kondaur Capital Corporation**
333 South Anita Drive, Suite 400
Orange, CA 92868

_____[Space Above This Line For Recording Data]_____

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Panatte, LLC, whose address is 2003 Western Ave., Suite 340, Seattle, WA 98121, hereby assigns, and transfers to Kondaur Capital Corporation, as Separate Trustee of MATAWIN VENTURES TRUST SERIES 2016-1, whose address is 333 South Anita Dr., Ste 400, Orange, CA 92868, all its right, title and interest in and to that certain Mortgage executed by DARRYL BURNETT AND LISA A. HENDERSON, MARRIED TO EACH OTHER, with an original principal amount of $202,300.00 to SHOREBANK, and bearing the date of May 24, 2007 and recorded as Instrument # 0715541011 on June 04, 2007 of Official Records in the County Recorder's office of Cook County, State of Illinois, describing land therein as:

**LOT 6 (EXCEPT THE SOUTH 7.05 FEET) IN GUNDERSON'S ADDITION TO CHICAGO IN THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 15, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDAIN, IN COOK COUNTY, ILLINOIS.**

Commonly known as: 4021 W. Harrison St., Chicago, IL 60624
Tax ID: 16-15-407-014-0000

_IN WITNESS WHEREOF,_ the Assignor has caused these presents to be signed by its duly authorized officer this _13_ day of _September_, 2016.

Panatte, LLC

By: _____

Name:   PAUL BIRKETT

Title:   SUB ADMINISTRATOR

1629540042 Page: 2 of 2

STATE OF *OHIO*                    )
COUNTY OF *STARK*                 )SS.

On ___*9.13*___, 2016  before me, *Katherine A Dieble*, Notary Public, personally appeared ___*PAUL BURKETT*___, who proved to me on the basis of satisfactory evidence by ___*DRWNG  LICENSE*___ to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify that under penalty of perjury under laws of the State of ___*Ohio*___ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

___*Katherine A. Dieble*___
Notary Public
My Commission Expires:

Katherine A. Dieble
Notary Public State of Ohio
My Commission Expires 01-28-2020

Doc# 1835119226 Fee: $50.00
Edward M. Moody
Cook County Recorder of Deeds
Date: 12/17/2018 11:37 AM Pg: 1 of 2

WHEN RECORDED MAIL TO:
Meridian Asset Services
Attention: Doc Intake
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
555827

_____[Space Above This Line For Recording Data]_____

APN/Parcel Number: 16-15-407-014-0000

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2016-1, whose address is 333 South Anita Drive, Suite 400, Orange, CA 92868, hereby assigns, and transfers to MTGLQ INVESTORS, L.P., whose address is 2001 Ross Avenue, Suite 2800, Dallas, TX 75201, all its right, title and interest in and to that certain Mortgage executed by Darryl Burnett and Lisa A. Henderson, married to each other, with an original principal amount of $202,300.00 to ShoreBank, and bearing the date of May 24, 2007 and recorded as Instrument Number 0715541011 on June 04, 2007 of Official Records in the County Recorder's office of Cook County, State of Illinois, describing land therein as:

LOT 6 (EXCEPT THE SOUTH 7.05 FEET) IN GUNDERSON'S ADDITION TO CHICAGO IN THE EAST ½ OF THE SOUTH EAST ¼ OF SECTION 15, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL           MERIDIAN,           IN           COOK           COUNTY,           ILLINOIS.

PIN:                                                                                      16-15-407-014-0000

COMMONLY KNOWN AS: 4021 W HARRISON, CHICAGO, ILLINOIS 60624

Commonly known as: 4021 W HARRISON ST, CHICAGO, IL 60624

*IN WITNESS WHEREOF*, the Assignor has caused these presents to be signed by its duly authorized officer this 30th day of November, 2018.

Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2016-1

By: _____
Name: Hanh Nguyen
Title: Collateral Manager

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
COUNTY OF ORANGE                       )SS.

Tracy Navong

On November 30, 2018 before me, _____, Notary Public, personally appeared Hanh Nguyen, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify that under penalty of perjury under laws of the State of California that the foregoing paragraph is true and correct.

_____
Notary Public
My Commission Expires:

TRACY NAVONG
Notary Public · California
Orange County
Commission # 2247167
My Comm. Expires Jun 22, 2022

This Statement Prepared by Duy Ho
**Kondaur Capital Corporation**
333 South Anita Drive, Suite 400
Orange, CA 92868

**REQUIRED STATEMENT**
**TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY**

All Cases:  Debtor(s) _____ Case No. _____ Chapter _____

All Cases:  Moving Creditor _____ Date Case Filed _____

Nature of Relief Sought:  ☐ Lift Stay        ☐ Annul Stay     ☐ Other (describe) _____

Chapter 13:  Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: ☐  No-Asset Report Filed on _____
            ☐  No-Asset Report not Filed, Date of Creditors Meeting _____

1.    Collateral
      a.      ☐  Home
      b.      ☐  Car   Year, Make, and Model _____
      c.      ☐  Other (describe)_____

2.    Balance Owed as of Petition Date   $ _____
      Total of all other Liens against Collateral $_____

3.    In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the
      amounts and dates of all payments received from the debtor(s) post-petition.

4.    Estimated Value of Collateral (must be supplied in *all* cases)  $ _____

5.    Default
      a.      ☐  Pre-Petition Default
              Number of months _____         Amount $ _____

      b.      ☐  Post-Petition Default
              i.      ☐  On direct payments to the moving creditor
                      Number of months _____         Amount $ _____

              ii.     ☐  On payments to the Standing Chapter 13 Trustee
                      Number of months _____         Amount $ _____

6.    Other Allegations
      a.      ☐  Lack of Adequate Protection  § 362(d)(1)
              i.      ☐  No insurance
              ii.     ☐  Taxes unpaid        Amount $ _____
              iii.    ☐  Rapidly depreciating asset
              iv.     ☐  Other (describe) _____

      b.      ☐  No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

      c.      ☐  Other "Cause" § 362(d)(1)
              i.      ☐  Bad Faith (describe)_____
              ii.     ☐  Multiple Filings
              iii.    ☐  Other (describe) _____

      d.      Debtor's Statement of Intention regarding the Collateral
              i. ☐ Reaffirm   ii ☐ Redeem   iii. ☐ Surrender   iv. ☐ No Statement of Intention Filed

Date: _____        _____
                                                           Counsel for Movant

(Rev. 12 /21/09)